UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELIQUE BRITNE DIAZ, on behalf of herself and all others similarly situated, | ) ) | |
| Plaintiff, | ) | Civil Action No.: 2:16-cv-5645-LDD |
| v. | ) ) | |
| 3001 CASTOR, INC., d/b/a/THE PENTHOUSE CLUB | ) ) | |
| Defendant | ) | |

## MOTION TO OPEN DEFAULT JUDGMENT

Defendant 3001 Castor, Inc., respectfully moves this Court to grant Defendant's Motion to Open Default Judgment and permit the filing of the Answer to Complaint, attached hereto as Exhibit "A;" and in support thereof states as follows:

1.) On June 14, 2017, the parties to this action participated in a Rule 16 Conference with the Court in Chambers.

2.) Toward the end of the Rule 16 Conference, shortly before or after the Honorable Mitchell Goldberg entered Your Honor's Chambers[1] the undersigned counsel informed the Court an answer to the Complaint had been partially drafted but was not completed as counsel had been called to trial in cases in: (1) the Eastern District of Pennsylvania, and (2) the Superior Court of New Jersey, Bergen County. The undersigned also stated that he was attached for trial in Bucks County during the month of July and had briefing schedules in both the Third and Fourth Circuit Courts of Appeals with briefing deadlines through to August 31.

---

[1] Judge Goldberg had found the undersigned counsel's wallet in the hallway outside the Courts' respective Chambers.

3.)     In response thereto the Court expressed the belief that Plaintiff's counsel would agree to providing all the time the undersigned counsel would need to file the answer to the complaint.  Plaintiff's counsel represented he would.

4.)     On July 17, 2017, Plaintiff served Defendant with Interrogatories and Requests for Production of Documents.

5.)     During the week of September 11, 2017, the undersigned counsel was called to trial in the Bucks County Court of Common Pleas.  During said week Plaintiff, by letter, called to the attention of the undersigned counsel the fact the discovery requests were outstanding.  Counsel agreed responses would be produced by end of day, Friday, September 22, 2017.

6.)     Defendant produced responses by the end of day Friday, September 22, 2017.

7.)     On Friday, September 22, 2017, Plaintiff 's counsel, who is was admitted to this Court Pro Hac Vice, filed a request for Entry of Default.

8.)     Said request was modified on September 25, and Default was entered.

9.)     On Tuesday, September 26, 2017, Plaintiff sent the undersigned counsel a demand letter.

10 .)    Plaintiff has suffered no prejudice .

For all of the foregoing reasons Defendant 3001 Castor, Inc. respectfully requests that this Court enter an Order opening the Default Judgment.

Dated: October 10, 2017                                  Respectfully Submitted,
                                                         /s/ *John F. Innelli*
                                                         John F. Innelli, Esq.
                                                         **JOHN F. INNELLI, LLC**
                                                         Two Penn Center., Suite 1300
                                                         Philadelphia, PA 19102
                                                         (215) 845-0250

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing  Motion To Open Default and the Proposed Order was filed electronically on this 10th day of October, 2017 and served via the electronic filing system of the United States Court for the Eastern District of Pennsylvania.


*John F. Innelli*
John F. Innelli, Esquire

EXHIBIT 'A'

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

ANGELIQUE BRITNE DIAZ, on behalf of           )
herself and all others similarly situated,    )
                                  Plaintiff,     )       Civil Action No.: 2:16-cv-5645-LDD
                v.                                 )
                                           )
3001 CASTOR, INC., d/b/a/THE PENTHOUSE         )
CLUB                                          )
                                Defendant     )

### Defendant 3001 Castor, Inc.'s Answer to Plaintiff's Complaint

1.) Denied, as defendant has no knowledge as to Plaintiff's state of residence.

2.) Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 2 of the complaint.

3.) Admitted.

4.) Denied as stated. At all times defendant is an establishment operating in accordance with the legal provisions of the Cabaret License issued by the City of Philadelphia.

5.) Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 5 of the complaint.

6.) Denied. 29 U.S.C. §203(r) is a predicate to 29 U.S.C. §203(s)(1), *see* response to paragraph 7, *below*, which is incorporated herein. Defendant is not an Enterprise within the meaning of the FLSA definitions.

7.) Denied. 29 U.S.C. §203(r), explicitly states, a "service establishment which is under independent ownership shall not be deemed to be so operated or controlled as to be other than a separate and distinct enterprise..." 3001 Castor, Inc. is an independent business.

8.) Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 8 of the complaint.

9.) Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 9 of the complaint.

10.) Denied. Plaintiff is an independent contractor who choose to dance at the Cabaret located at 3001 Castor, Avenue, Philadelphia, Pa.

11.) Denied. Defendant denies Plaintiff was an employee. By way of further response Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 11 of the complaint.

12.) Denied. Defendant denies Plaintiff was an employee. By way of further response Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 12 of the complaint.

13.) Denied. As an independent contractor Plaintiff was free to come and go as she pleased. While Plaintiff may have reported her arrival on the premises when she entered the private dressing room she, nor any of the other dancers, reported their departure from the premises.

14.) Denied as stated. As an independent contractor in the dance field Defendant understood the tremendous earning opportunity which existed. Plaintiff was free to appear at other venues and was not tied to Defendant's Cabaret. Plaintiff willing selected the dance venue. In other venues, the dancers private dances were meted out by the owner of the venue. Plaintiff selected Defendant's Cabaret because the private dances at 3001 Castor were the province of the dancer, were in safe surroundings and, based on statistical analysis, resulted in earnings of, on average, $35.00/hour, which is 3.8 times Pennsylvania's applicable minimum wage during the relevant time period.

2

15.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

16.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

17.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

18.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

19.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

20.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

21.)   Denied. Defendant incorporates herein, as if set forth in full, its responses to paragraphs 13 and 14.

22.)   Denied. Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 22 of the complaint.

23.)   Denied as stated. Defendant's Cabaret featured a well regarded menu, served large parties and generated the majority of its revenue from the sales of alcoholic beverages. The dancers were a draw. Their presence, the safe surroundings for patrons and dancers as well as Defendant's policy of private dances being the sole province of the dancer created a mutually beneficial relationship. Some nights/times of year the Cabaret and the dancers did well. Some nights/times of year neither did well.

3

24.)     Denied as Plaintiff's statement calls for a conclusion of law.

25.)     Denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 25 of the complaint.

26.)     Denied.  Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegation set forth in paragraph 26 of the complaint.

27.)     Admitted in part, denied in part.  It is admitted that Plaintiff, who is a member of the class in *Verma v. 3001 Castor, Inc.,* has retained the right to bring her own lawsuit under the FLSA.  It is denied that she has the right to bring an FLSA collective at this time for other members of the class in *Verma. See,* Judge Brody's Order of April 5, 2017.

28 - 33.)  Denied.  Defendant incorporates herein, as if set forth in full, its responses to paragraph 27.

34.)     Defendant reasserts each and every response to the allegations set forth in the paragraphs above as if each were set forth herein.

35.)     Admitted in part and denied in part.  The description of the provisions of Section 206(a)(1) of the FLSA is admitted as an accurate statement.  It is denied that Defendant is an employer of Plaintiff.

36.)     Denied as stated.  Section 206(a)(1) of the FLSA provides that an employer shall pay each of his/her employees who in any workweek is engaged in commerce, or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or the production of goods for commerce current wages of $7.25/hr.

37 - 39.)  Denied as Plaintiff's statement calls for a conclusion of law.

4

40.)   Denied.  Defendant incorporates herein, as if set forth in full, its responses to paragraphs 10 through, and including 14.

41.)   Denied.  Defendant incorporates herein, as if set forth in full, its response to paragraphs 26.

42.)   Denied.  Defendant incorporates herein, as if set forth in full, its responses to paragraph 40.

43.)   Denied as Plaintiff's statement calls for a conclusion of law.

44.)   Denied as Plaintiff's statement calls for a conclusion of law.

### Affirmative Defenses Directed To Plaintiff

#### First Affirmative Defense

The Complaint fails to state a claim upon which relief can be granted.

#### Second Affirmative Defense

Plaintiff's claims are barred by fraud.

#### Third Affirmative Defense

Plaintiff's claims are barred by illegality.

#### Fourth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of estoppel.

#### Fifth Affirmative Defense

Plaintiff's claims may be barred by the doctrine of waiver.

#### Sixth Affirmative Defense

Plaintiff's claims may be barred in whole or in part by the doctrine of unclean hands.

<u>Seventh Affirmative Defense</u>

Plaintiff's claims may be barred in whole or in part by the doctrine of laches.

<u>Eighth Affirmative Defense</u>

Plaintiff's claims may be barred and/or substantially limited by her failure to mitigate damages.

<u>Ninth Affirmative Defense</u>

Plaintiff's claims may be barred in whole or in part by the fact that 3001 Castor, Inc. May not owe any duty to Plaintiff and/or may not have breached any duty.

<u>Tenth Affirmative Defense</u>

Plaintiff's claims may be barred in whole or in part by any other affirmative defense(s) that may become apparent during discovery or at the time of trial.

**WHEREFORE,** 3001 Castor, Inc. Respectfully requests that judgment be entered in its favor and against Plaintiff, that the Complaint be dismissed, that Plaintiff takes nothing, and 3001 Castor, Inc. Be awarded its costs, and any other relief as the Court may deem just and proper.

Dated: October 4, 2017                          JOHN F. INNELLI, LLC

                                                */s/ John F. Innelli*
                                                John F. Innelli, Esq.
                                                JOHN F. INNELLI, LLC
                                                Two Penn Center, Suite 1300
                                                Philadelphia, Pa. 19102
                                                Attorney for 3001 Castor, Inc.

6